DOWNEY, Chief Judge.
Appellant seeks reversal of an order of the trial court denying appellant’s motion for leave to file an amended complaint.
Suit was initially filed in May. Appellant filed an answer in June, generally denying the allegation of the complaint, and the cause was set for trial in August. Appellant obtained a continuance of that trial date until September. In August appellant obtained another continuance and the cause was reset for trial in October. Eight days before the case was due for trial appellant sought to amend her answer and file a counterclaim so as to plead a special equity in all of appellee’s property and to seek alimony and child support — none of which had been sought by her original pleadings. The trial court declined to allow the amend *542 ment and appellant seeks review of that order.
At first blush, it would seem the order appealed from is a routine exercise of the chancellor’s discretion. However, a closer examination of the record discloses that the two continuances were made necessary because appellee’s counsel was not available to attend the proceedings noticed. In addition, the relief sought through the proposed amended pleadings[1] was of such importance to the wife and minor children that justice required the amendments be allowed.
We are fully aware of and agree with the rule which provides that liberality in allowing amendments diminishes as the case progresses. We are also most reluctant to reverse an exercise of discretion such as we have here. However, viewing this case in its totality, we feel the chancellor did abuse his discretion and accordingly we reverse the order appealed from and remand the cause with directions to allow the proposed amendments and for further proceedings.
REVERSED AND REMANDED with directions.
ANSTEAD and LETTS, JJ., concur.

. The amended pleadings for the first time sought a special equity in property titled in the husband’s name, custody of the minor children, child support and lump sum alimony.